THE PEOPLE OF THE STATE OF NEW YORK ex rel. JESSIE CHALMERS HAGY, Individually and as Executrix, etc., of ROBERT M. CHALMERS, Deceased, Respondent, v. NICHOLAS J. FAHRENKOPF, as Commissioner of Assessments of the City of Albany, New York and Others, Appellants.— Appeal from a judgment and order reducing the assessment on property located at 37 North Pearl street, Albany, from $280,000 to $105,600. The relator presented witnesses, each testifying that the value of the property was less than the amount fixed by the court, and from which an appeal is taken. No evidence is offered by the city in opposition. The judgment and order should be affirmed. Judgment and order affirmed, with fifty dollars costs and disbursements. Hill, P. J., Crapser and Heffernan, JJ., concur; McNamee and Bliss, JJ., dissent; Bliss, J., with an opinion in which McNamee, J., concurs. Bliss, J. (dissenting): This property was assessed at $280,000. The relator's attorney and real estate expert Woollard valued the premises at $100,000 and relator's expert Havens valued it at $91,671.68. After viewing the premises the referee fixed a value of $225,280. The wide discrepancy in these figures, that is, between the assessment and the finding of the referee on the one hand and the testimony of the relator's experts on the other, should have led the Special Term to seek other and more reliable proof of value. The great difference between the amount fixed by the referee and that testified to

by the highly interested experts indicated the complete unworthiness of the latters' figures and that they were entitled to but slight weight. The best evidence as to the value of the premises was rejected below. This assessment is for the year 1936, at which time the premises were occupied by the John G. Myers Company. This tenant moved out early in 1937. A lease with a new tenant had been entered into by the owner, effective May 1, 1937 and the new tenant was occupying the premises at the time of trial. The city offered, but was not permitted, to show the amount of rent reserved in this new lease. It was contended by the relator that there was a dead line fixed as of July 1, 1936, beyond which the court and the parties might not go in their effort to ascertain the property's true value. There was no change in the condition of the premises or their value between July 1, 1936, and the date of trial. It was even stipulated during the trial that the referee might view the premises at a time much later than the date when the new tenant took possession under its lease. Presumably, therefore, the premises were still in the same condition as at the time of the assessment. The amount of rent reserved in the lease made within a few months of the date of assessment was certainly some indication of the value of the premises at the time of assessment. In the instant case it was the best evidence offered by either side on that point. This was business property owned by one person and maintained solely for rental purposes. Its value was practically determined by what it would rent for. This rental value was, therefore, an excellent indication as to what the premises were actually worth. Especially in the absence of any other reliable testimony as to value was it reversible error to reject such evidence. And much less should the court below have rejected the report of the referee, made after viewing the premises, in favor of the testimony of paid experts. The order should be reversed and a new trial granted. McNamee, J., concurs.